1  **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-17-01414-TUC-RM (BGM) |
|---|---|
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Samuel Cervantez-Hernandez, | |
| Defendant. | |

Currently pending before the Court is Defendant Samuel Cervantez-Hernandez's Motion to Dismiss (Doc. 23). The Government has filed its response, as well as a Supplemental Response. Govt.'s Response to Def.'s Mot. to Dismiss (Doc. 42); Govt.'s Suppl. Response (Doc. 60). Defendant is charged with one (1) count of conspiracy to possess with intent to distribute marijuana and one (1) count of possession of marijuana with intent to distribute. Indictment (Doc. 18) at 1–2. Defendant Samuel Cervantez-Hernandez seeks dismissal of the Indictment, because his primary language is Cora and he speaks insufficient Spanish to adequately communicate with counsel. *See* Def.'s Mot. to Dismiss (Doc. 23).

Pursuant to LRCrim. 5.1, this matter came before Magistrate Judge Macdonald for an evidentiary hearing and a report and recommendation. On January 26, 2018, an evidentiary hearing was held before Magistrate Judge Macdonald regarding the motion. Minute Entry 1/26/2018 (Doc. 62). This matter is ripe for adjudication. The Magistrate

Judge recommends that the District Court, after its independent review, grant Defendant's motion.

I. **FACTUAL BACKGROUND**

*A. The Incident Resulting in Arrest*

On August 14, 2017, an air asset advised agents that he saw four (4) individuals that were suspected of smuggling marijuana walking in the desert near Big Fields, Arizona. Compl. (Doc. 1) at 1; *see also* Case No. 17-00185MJ Compl. (Doc. 1). Agents were deployed in the area where the individuals were last seen, searched the area, and discovered a total of four (4) large backpacks of suspected marijuana concealed under desert brush. Compl. (Doc. 1) at 1; *see also* Case No. 17-00185MJ Compl. (Doc. 1). Agents continued to search the surrounding area, and apprehended three (3) individuals approximately two hundred (200) feet away from the marijuana bundles. Compl. (Doc. 1) at 1; *see also* Case No. 17-00185MJ Compl. (Doc. 1). These individuals were Defendant Samuel Cervantez-Hernandez, Otoniel Cleofas Escalante-Morales, and Adan De La Fuente-Perez. Compl. (Doc. 1) at 1; *see also* Case No. 17-00185MJ Compl. (Doc. 1). Defendant Cervantez-Hernandez was read his *Miranda*[1] rights in Spanish, as well as interviewed in Spanish. *See* Govt.'s Resp. to Def.'s Mot. to Dismiss (Doc. 42), Cervantez-Hernandez Interview Tr. 8/14/2017 (Exh. "A").

*B. The Complaint and Initial Hearings*

Adan De La Fuente-Perez was charged by complaint for conspiracy to possess, with intent to distribute, approximately 80.96 kilograms of marijuana in violation of Title 21, United States Code, Section 846. Case No. 17-00185MJ, Complaint (Doc. 1). Defendant Cervantez-Hernandez and Otoniel Cleofas Escalante-Morales were charge via complaint for conspiracy, with intent to distribute, approximately 80.96 kilograms of marijuana, as well as possession of approximately 20.24 kilograms of marijuana in violation of Title 21, United States Code, Sections 846 and 844(a). Compl. (Doc. 1). On

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

August 15, 2017, all three (3) individuals went before Magistrate Judge Eric J. Markovich for an initial appearance. Minute Entry 8/15/2017 (Doc. 2); Case No. 17-00185MJ Minute Entry 8/15/2017. All were assisted by a Spanish Interpreter, who reported that Defendant Samuel Cervantez-Hernandez may have a language issue. Minute Entry 8/15/2017 (Doc. 2). On August 22, 2017, Defendant Samuel Cervantez-Hernandez was brought before this Court for his Detention Hearing and Preliminary Hearing. Minute Entry 8/22/2017 (Doc. 6). Defense counsel advised the Court that Defendant's primary language is Cora, and he is not a Spanish speaker. *Id.* On September 13, 2017, Defendant Cervantez-Hernandez and Adan De La Fuente-Perez were charged in a two count indictment, including one (1) count of conspiracy to possess with intent to distribute marijuana and one (1) count of possession of marijuana with intent to distribute. Indictment (Doc. 18) at 1–2.

### *C. The Evidentiary Hearing*

On January 26, 2018, an Evidentiary Hearing was held before Magistrate Judge Bruce G. Macdonald. Minute Entry 1/26/2018 (Doc. 62). The Government did not call any witnesses, and Defendant Cervantez-Hernandez called Dr. Abigail Martinez-Sotelo as its only witness. Dr. Martinez-Sotelo is a Spanish language teacher, and in that capacity assesses individuals' Spanish language ability. Dr. Martinez-Sotelo met with Defendant Cervantez-Hernandez for approximately an hour at the Federal Correctional Institution ("FCI") in Tucson, Arizona.

Dr. Martínez-Sotelo testified that it was very difficult for her to communicate with Defendant Cervantez-Hernandez in Spanish, because his Spanish is very limited. Dr. Martínez-Sotelo further opined that in reviewing the video of Defendant Cervantez-Hernandez's interview with Border Patrol, she found Defendant Cervantez-Hernandez did not fully understand the questions asked of him. Dr. Martínez-Sotelo also testified the Defendant Cervantez-Hernandez did not finish elementary school, and that his education occurred in the Cora language, with a small amount of Spanish language in the curriculum. Dr. Martínez-Sotelo acknowledged that Defendant Cervantez-Hernandez

was able to answer some questions posed by Border Patrol; however, she also noted that agents often had to repeat questions several times before Defendant Cervantez-Hernandez was able to answer. Dr. Martínez-Sotelo also stated that Defendant Cervantez-Hernandez did not understand the Spanish term for lawyer, although he was able to understand it when she used a simpler word. Dr. Martínez-Sotelo characterized Defendant Cervantez-Hernandez's Spanish language ability as a low novice level, meaning that he could understand some words, but had a limited, basic Spanish vocabulary.

## II. ANALYSIS

Defendant seeks dismissal of the Indictment, because his primary language is Cora and he speaks insufficient Spanish to adequately communicate with counsel. *See* Def.'s Mot. to Dismiss (Doc. 23). The Government asserts that Defendant speaks sufficient Spanish to continue in this litigation, as evidenced by the transcript of his interview with Border Patrol. Govt.'s Response (Doc. 42) at 4 & Exh. "A." Defendant's attorney, however, asserts that she is unable to have meaningful discussions with her client. Def.'s Mot. to Dismiss (Doc. 23) at 1–2.

The Court Interpreters Act of 1978 provides:

> The presiding judicial officer, with the assistance of the Director of the Administrative Office of the United States Courts, shall utilize the services of the most available certified interpreter, **or when no certified interpreter is reasonably available, as determined by the presiding judicial officer, the services of an otherwise qualified interpreter**, in judicial proceedings instituted by the United States, if the presiding judicial officer determines on such officer's own motion or on the motion of a party that such party (including a defendant in a criminal case), or a witness who may present testimony in such judicial proceedings – (A) speaks only or primarily a language other than the English language[.]

28 U.S.C. § 1827(d)(1) (emphasis added). The Fifth Circuit has recognized that "a district court is given wide discretion in matters regarding the selection of a court interpreter." *United States v. Paz*, 981 F.2d 199, 200 (5th Cir. 1992) (citations omitted); *see also United States v. Sandoval*, 347 F.3d 627, 632 (7th Cir. 2003); *United States v.*

*Lopez-Arroyo*, 2015 WL 5601839 n. 4 (citing *Sandoval* with approval). Moreover, such decisions are reviewed under an abuse of discretion standard. *United States v. Paz*, 981 F.2d 199, 200 (5th Cir. 1992) (citations omitted); *see also United States v. Sandoval*, 347 F.3d 627, 632 (7th Cir. 2003); *United States v. Lopez-Arroyo*, 2015 WL 5601839 n. 4 (citing *Sandoval* with approval). The Ninth Circuit reviews factual findings regarding a party's language abilities for clear error. *United States v. Jayavarman*, 871 F.3d 1050, 1065 (9th Cir. 2017); *Gonzalez v. United States*, 33 F.3d 1047, 1050 (9th Cir. 1994). Under the Court Interpreter's Act the Court must evaluate and make a record regarding the Defendant's language abilities. *See United States v. Murguia-Rodriguez*, 815 F.3d 566, 570 (9th Cir. 2016); *United States v. Si*, 333 F.3d 1041, 1043–44. A Defendant has a constitutional and statutory right to an interpreter, if he needs one. *See Si*, 333 F.3d at 1044–45.

The Court finds Dr. Martínez-Sotelo testimony credible. Based on Dr. Martínez-Sotelo's opinion, as well as defense counsel's averment that she is unable to sufficiently communicate with Defendant Cervantez-Hernandez to fulfill her responsibilities as his attorney, the Court finds that Defendant Cervantez-Hernandez is unable to proceed in the Spanish language. To date, the Court has been unable to locate a certified Cora interpreter. Furthermore, the Court's own efforts to make contact with either of the two (2) possible Cora interpreters the Government referenced in its motion have been unavailing. Accordingly, the Court recommends granting Defendant Cervantez-Hernandez's motion to dismiss.

### III. CONCLUSION

The Court finds that Defendant Cervantez-Hernandez lacks sufficient Spanish language capabilities to assist in his defense without a Cora interpreter. Because no such interpreter is available, this case should be dismissed.

. . .

. . .

## IV. RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Judge GRANT Defendant Samuel Cervantez-Hernandez's Motion to Dismiss (Doc. 23).

Pursuant to 28 U.S.C. §636(b) and Rule 59(b)(2) of the Federal Rules of Criminal Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. No reply shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CR-17-1414-TUC-RM**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge in accordance with Fed. R. Crim. P. 59 may result in waiver of the right of review.

Dated this 20th day of February, 2018.

*[signature]*
Honorable Bruce G. Macdonald
United States Magistrate Judge